UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH,

                Plaintiff,

  v.                                  Case No. 18-cv-1569-pp

SCOTT M. ECKSTEIN, STEVE SCHUELER,
JOHN KIND, JAY VAN LANEN, CAPT. CUSHING,
LT. KOEHLER, SGT. RETZLAFF, SGT. DUPONT,
SGT. FRIDEL, SGT. ROZMARYNOSKI,
C.O. BONIS, C.O. GOMM, C.O. JOHNSON,
C.O. DIEDRICK, C.O. MEYERS, C.O. GULLEY,
C.O. BOWMAN, C.O. MCDONOUGH, C.O. YAN
SUSAN PETERS, JEAN LUTSEY, KATHY LEMENS,
AND JOHN/JANE DOES,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)**

---

Plaintiff Antonio Marques Smith, who is representing himself, filed a complaint on October 5, 2018 alleging that defendants violated his civil rights under 42 U.S.C. §1983 when he was confined at Green Bay Correctional Institution. This decision resolves the plaintiff's motion to proceed without prepayment of the filing fee and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying

1

the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 9, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $10.57 by October 25, 2018. Dkt. No. 5. The court received that fee on October 24, 2018. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint (Dkt. No. 1)

Federal law requires that the court screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain enough facts, accepted as true, that make the complaint "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States and 2) whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Allegations in the Complaint

The plaintiff alleges several constitutional violations against twenty-two named defendants and several John/Jane Does. While most of the plaintiff's allegations stem from the hunger strike he began in early October 2017, the allegations—over 112 paragraphs contained in forty-two pages—also discuss excessive force, conditions of confinement, failure to intervene, due process rights violations, retaliation, unlawful search and seizure, equal protection violations and First Amendment right-to-protest violations.

The plaintiff alleges that a little less than two months after he began his hunger strike, the defendants began infringing several of his constitutional rights. He alleges seven separate instances of excessive force taking place between November 25, 2017 and December 7, 2017. He says that on four separate occasions various defendants used excessive force to remove him from his cell and take him to the Health Services Unit (HSU) for a medical evaluation. In each of the four instances, the plaintiff alleges that a different group of defendants used excessive force against him. While some defendants

were involved in multiple instances, the group of defendants involved in each of the cell removals were never identical.

The plaintiff also alleges three instances where various defendants used excessive force during a medical exam—on November 28, November 30 and December 7, 2017. While the plaintiff alleges that defendant Jay Van Lanen participated in all three exams, he alleges that different defendant-nurses participated in each instance. On November 28, the plaintiff alleges that Nurse Peters forcibly examined him, and that on November 30 and December 7, Nurse Lemens uses excessive force in her examination. The plaintiff also asserts that defendant Sgt. Rozmarynoski used excessive force in the November 30 exam.

The plaintiff alleges also alleges that Van Lanen violated his constitutional rights when he threatened the plaintiff with excessive force on November 29 to get him to voluntarily submit to a medical exam. The plaintiff alleges that defendants Van Lanen, Sgt. Retzlaff, C.O. Bonis, C.O. Gulley and various John/Jane Doe defendants violated his Eighth Amendment rights on November 28 when they forced him to be nude in his cell for over twenty-four hours. The plaintiff then alleges an additional claim against defendant C.O. Diedrick for failing to intervene and stop the nudity.

The plaintiff also contends that defendants Scott Eckstein, Steve Schuler, John Kind, Van Lanen, Nurse Jean Lutsey, Nurse Kathy Lemens and various John/Jane Does employed at the Wisconsin Department of Correction Headquarters violated his due process rights when they issued a "multi-disciplinary decision" to authorize forcibly weighing the plaintiff against his will. The plaintiff further alleges that Van Lanen, Kind and Bonis retaliated

4

against him by drafting and filing a conduct report regarding the November 28 cell extraction.

The plaintiff then skips ahead to February 2018, alleging that defendants Eckstein, Schuler, Kind, Van Lanen and Sgt. Dupont violated his constitutional rights, including his First Amendment, Fourth Amendment and Due Process rights, when they authorized and conducted a search of his cell and legal materials. The plaintiff also alleges that the defendants generally (without stating who) violated his Equal Protection rights by not equitably applying prison rules and violated his First Amendment right to protest by not respecting his wishes not to submit to medical evaluations during his hunger strike.

B.  Analysis

In this single complaint, the plaintiff claims that over twenty-two defendants violated his constitutional rights in at least fifteen different ways. The plaintiff is attempting to bring unrelated claims against unrelated defendants in a single suit, which violates Federal Rules of Civil Procedure 18(a) and 20(a). Under these rules, a plaintiff may allege in one complaint all the relevant claims he has against one single defendant. Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). But, a plaintiff may only bring separate claims against separate defendants (claim #1 against Defendant A and claim #2 against Defendant B) where the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences," or where "any question of law or fact common to all defendants will arise in the action." Id. See also Fed. R. Civ. P. 20(a)(1)(A), (2).

The plaintiff alleges multiple claims against multiple defendants that do not arise out of the same occurrences or do not have questions or law or fact in common. He brings seven of excessive force claims, each against a different group of defendants and each occurring under different circumstances. Regarding the incident where he was left nude in his cell on November 28, he brings claims regarding conditions of confinement and failure to intervene against a different group of defendants than the group involved in the excessive force claims.

He brings due process claims related to the "multi-disciplinary decision"—a separate instance from the instances concerning his removal from his cell—against yet another group of defendants. He also raises a retaliation claim for writing a conduct report against a different group of defendants. He also generally claims against unspecified defendants Equal Protection and First Amendment violations. The Seventh Circuit requires this court to reject such "buckshot complaints." George, 507 F.3d at 607.

The court will give the plaintiff the opportunity to amend his complaint. The plaintiff must use the court's standard complaint form (the court is enclosing a blank copy). He must either select one defendant and put in the complaint all his claims against that defendant or select one occurrence or series of occurrences and include all the defendants involved in that occurrence. The plaintiff must file a separate complaint for each separate series of occurrences involving the same defendants.

On the first page of the form complaint at the top, the plaintiff must write the word "Amended" in front of the word "Complaint." He must put the case number for this case—18-cv-1569—on the line under "Case Number." He must list the name of each of the defendants involved in the occurrence in the

6

Case 2:18-cv-01569-PP   Filed 07/09/20   Page 6 of 9   Document 8

caption of the complaint. The amended complaint takes the place of the prior complaint and must be complete in itself, so the plaintiff cannot simply say, "Look at my first complaint for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). He must describe in the space provided the who, what, when, where and why information about the occurrence he has chosen to pursue in this case. The plaintiff should be able to fit all the relevant facts into the space provided on the form complaint. If not, he may use up to three additional pages, double-spaced, to include the remaining facts. The plaintiff does not need to cite case law or provide legal argument. He needs only to tell the court who violated his constitutional rights, when, where, how and, if he knows, why.

If the plaintiff files the amended complaint by the deadline listed below, and it complies with this order, the court will screen it under 28 U.S.C. §1915A.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No.2.

The court **ORDERS** that if the plaintiff wishes to amend his complaint, he must do so in time for the court to *receive* the amended complaint by the end of the day on **August 28, 2020**. If the court does not receive the amended complaint by the end of the day on August 28, 2020, the court will dismiss the case for the plaintiff's failure to diligently prosecute it, as allowed under Civil L.R. 41(c).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$339.43** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust

7

account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 9th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**