UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

                Plaintiff,

v.                                            Case No. 18-cv-1569-pp

JOHN KIND, JAY VAN LANEN,
TIMOTHY RETZLAFF, ALEXANDER BONIS,
JOHN DIEDRICK, and COLE MEYER,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 23)**

      Plaintiff Antonio Marques Smith, who is representing himself, filed an amended complaint alleging that the defendants violated his constitutional rights after he notified prison staff that he was engaged in a hunger strike to protest the conditions of confinement and the "use/misuse and abuse of Solitary Confinement" at Green Bay Correctional Institution. Dkt. No. 9 at 3. On November 24, 2020, the court screened the amended complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment excessive force claim against defendants Jay Van Lanen, Alexander Bonis, John Diedrick, Cole Meyer and John Kind, dkt. no. 10 at 12-14; and an Eighth Amendment conditions-of-confinement claim against defendants Van Lanen and Timothy Retzlaff, id. at 14-15. The plaintiff has filed a motion for reconsideration of the court's screening order under Federal Rule of Civil Procedure 60(b)(1) and (6). Dkt. No. 23.

Rule 60(b) allows a court to relieve a party from a final judgment or order for various reasons. The court has not entered final judgment, so Rule 60(b) does not apply. The court may, however, consider the plaintiff's motion under Federal Rule of Civil Procedure 54(b).

Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating that "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., No. 14-C-1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., No. 09-C-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

To prevail on a Rule 59(e) motion to alter or amend a judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such

motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

The plaintiff has not identified any newly discovered evidence, so the court considers whether the plaintiff has identified any manifest error of law or fact committed by the court in screening. The plaintiff first contends that the court erred when it dismissed defendant Lieutenant Larson because the court mistakenly said Larson was a "complaint examiner." Dkt. No. 23 at 1. The plaintiff points out that Lieutenant Larson is a security supervisor and that he presided over the hearing on the alleged fabricated conduct report #3037690. Id. at 2. The plaintiff says that Larson "played a conspirators role and a Supervisory riole [sic] where he failed to intervene after becoming aware that the Adult Conduct Report was fabricated which two officers who was present at the incident testified at the hearing Lt. Larson presided over, informed him that the allegations wrote in the Adult Conduct Report was false." Id.

Next, the plaintiff contends that the court erred in ruling that he failed to allege that defendants Van Lanen and Bonis fabricated the conduct report in retaliation against him for exercising a protected right. Dkt. No. 23 at 3. The plaintiff states that his entire claim stems from his exercising his First Amendment right to protest the conditions of confinement by engaging in a hunger strike. Id. He says the OC spray was used to discourage him from continuing to exercise his protected right to refuse food in protest. Id. at 5. The

3

plaintiff acknowledges that he alleged in the amended complaint that Van Lanen directed Bonis to fabricate the conduct report to conceal the illegal use of OC spray on the plaintiff, but he says the overall purpose of the OC spray was to discourage the plaintiff from exercising his rights to engage in a hunger strike and refuse medical assistance when there was no court order for involuntary evaluations. Id.

The court has allowed the plaintiff to proceed on an (1) Eighth Amendment excessive force claim against defendant Van Lanen based on allegations that he deployed incapacitating agents into the plaintiff's cell, knowing that they would trigger the plaintiff's asthma, because Van Lanen was tired of having to forcibly restrain the plaintiff to take him to the nurse's station to make sure that intervention on his prolonged hunger strike was not required; (2) an excessive force claim against defendants Bonis, Diedrick and Meyer, the three officers who extracted the plaintiff from his cell after Van Lanen deployed the incapacitating agents; and (3) an excessive force claim against defendant Kind based on allegations that he knew about and authorized Van Lanen's use of the incapacitating agents. Dkt. No. 10 at 12-14.

The court also has allowed the plaintiff to proceed on an Eighth Amendment conditions-of-confinement claim against defendants Van Lanen and Retzlaff based on allegations that Van Lanen placed the plaintiff on "control status" in a cell without a mattress, bedding, clothing or hygiene items for twenty-four hours in the winter and after he had just been sprayed with an incapacitating agent, was having an asthma attack and was weak from his

4

hunger strike. Id. at 14-15. The plaintiff allegedly asked Retzlaff for help, but Retzlaff did not help the plaintiff. Id. at 15.

The court has not allowed the plaintiff to proceed on claims related to the conduct report and disciplinary hearing. The court addressed these allegations as follows:

> The plaintiff alleges that Van Lanen directed Bonis to fabricate a conduct report stating that the plaintiff refused to have his cell searched, thus justifying the use of the incapacitating agent. Id. The Fourteenth Amendment prohibits state officials from depriving any person of life, liberty, or property without the due process of law. U.S. Const. Amend XIV. "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is generally found in the procedures mandated by due process." Lagerstom v. Kingston, 463 F.3d 621, 623 (7th Cir. 2006). In other words, it is assumed the institution's disciplinary procedures would guard against such false accusations. However, "[i]ssuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." Black v. Lane, 22 F.3d 1395, 1402-03 (7th Cir. 1994). The plaintiff does not allege that Van Lanen had Bonis fabricate the conduct report in retaliation; he alleges that Van Lanen did it to hide Van Lanen's own decision to use an incapacitating agent to force the plaintiff to go to the nurse's station. The plaintiff has not stated a substantive due process claim against Van Lanen and Bonis.
>
> The plaintiff alleges that the complaint examiner, Larson, eventually upheld the conduct report after talking with Van Lanen and Kind. Dkt. No. 9 at ¶16. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under §1983. See Owens, 635 F.3d at 953 (citing George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007)). The plaintiff has not alleged that Larson caused or participated in the underlying conduct. The plaintiff cannot proceed on a claim against Larson and the court will dismiss Larson as a defendant.

Dkt. No. 10 at 15-16.

The plaintiff asks the court to reconsider its decision not to allow him to proceed on Fourteenth and First Amendment claims against Van Lanen, Bonis,

5

Larson and Kind for the fabricated conduct report incident. Dkt. No. 23 at 7. As explained in the preceding paragraphs from the screening order, the plaintiff has not stated a due process claim and he did not allege retaliation. The court did not err in refusing to allow such claims to proceed. While the court did incorrectly identify Larson as a complaint examiner, it correctly stated that he did not participate in the underlying conduct. The underlying conduct does not state a claim for constitutional violation. The court's mistaken reference to Larson as a complaint examiner had no impact on the court's determination that the plaintiff has not stated a due process claim against Larson.

The plaintiff has not shown that the court committed a manifest error of law or fact by not allowing him to proceed on due process and retaliation claims.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 30th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**